```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROY COMMER,

                Plaintiff,
                                              00 Civ. 7913 (RWS)
     - against -
                                              O P I N I O N
GERALD McENTEE, JOHN SEFERIAN, THE
AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL
37, AFSCME, STANLEY HILL, MARTIN LUBIN,
MARK SHAPLO, ROBERT MEYER, RALPH PEPE,
LOUIS ALBANO, ROBERT MARIANO, UMA KUTWAL,
MICHELLE KELLER, JOHN DOES 1-30, and
RUDOLPH GIULIANi, as Mayor of the City
of New York,

                Defendants.
------------------------------------X

A P P E A R A N C E S:

     ROY COMMER
     Plaintiff Pro Se
     11 Dorothy Street
     Staten Island, NY 10314

     SHAPIRO, BEILLY, ROSENBERG, ARONOWITZ, LEVY & FOX
     Attorney for Defendants Gerald McEntee, John Sefarian,
          AFSCME International, AFSCME District Council 37,
          Robert Mariano, Uma Kutwal, Michelle Keller and
          Ralph Pepe
     225 Broadway - 13th Floor
     New York, NY 10007
     By:  BARRY I. LEVY, ESQ.
          ELAN R. KANDEL, ESQ.
          Of Counsel
```

**Sweet, D.J.,**

The plaintiff pro se Roy Commer ("Commer") has moved for the following relief: (1) leave pursuant to Fed. R. Civ. P. 15 to amend his complaint, (2) reconsideration pursuant to Fed. R. Civ. P. 60 of the December 7, 2004 order and opinion, see Commer v. McEntee, 00 Civ. 7913 (RWS), 2004 WL 2797053 (S.D.N.Y. Dec. 7, 2004) (the "December 7 Opinion");[1] and (3) additional discovery pursuant to Fed. R. Civ. P. 37. The defendants Gerald McEntee ("McEntee"), John Seferian ("Seferian"), American Federation of State, County and Municipal Employees ("AFSCME") International (the "International"), AFSCME District Council 37 ("DC 37"), and Ralph Pepe ("Pepe") (hereinafter collectively referred to as the "Defendants"), have opposed Commer's motion. For the reasons set forth below, the motion is granted in its entirety.

**Prior Proceedings**

Commer has litigated his claims[2] against the Defendants in a series of actions arising out of his campaign and subsequent election as president of Local 375, and disciplinary actions taken against him by the Defendants culminating in a reprimand, a requirement to pay restitution, suspension from office, and expulsion from the union.

---

[1] Familiarity with the December 7 Opinion is assumed.

[2] In addition to the instant action, Commer has previously filed two related claims with this court: Commer v. AFSCME, No. 01 Civ. 4260 (RWS) and Commer v. AFSCME, et al., No. 02 Civ. 7930 (RWS).

This action was commenced on October 18, 2000, and the proceedings prior to the December 7 Opinion were set forth in that opinion. The December 7 Opinion granted the Defendants' motion for summary judgment with leave granted to Commer because of his pro se status to make a further submission.

On December 27, 2004, Commer filed the instant motion which was made returnable January 12, 2005. It was adjourned at the request of the Defendants to February 5, 2005 when it was marked fully submitted.

The docket reveals that on January 11, 2005, Commer filed a notice of appeal from the December 7 Opinion. Despite the filing of that notice of appeal, this Court retains jurisdiction over the case during the pendency of Commer's Rule 60 motion. See Fed. R. App. P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i). As the Second Circuit has stated:

> [T]he filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A), if timely filed. On the contrary, the notice of appeal must be held in abeyance by this Court until all such motions are disposed of, at which point the notice of appeal becomes effective.

Shiff v. Hodge, 269 F.3d 155, 157 n.4 (2d Cir. 2001).

**The Motion For Leave To Replead Is Granted**

Rule 15 provides that leave to amend "shall be freely given

when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) (stating that "although Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive.").

As indicated by the per curiam opinion of the Court of Appeals in one of the related case, see Commer v. AFSCME, et al., 390 F.3d 203, 205 (2d Cir. 2004), and as set forth in the December 7 Opinion, the Defendants consented to an amendment to the complaint in this action to permit Commer to allege a violation of Section 101(a)(2) of the Labor-Management Reporting and Disclosure Act of 1959 (the "LMRDA"), see 29 U.S.C. § 411(a)(2), arising out of the actions of the Defendants to deprive him of his union membership. This LMRDA claim had not been previously presented in this action. In view of the per curiam opinion of the Court of Appeals, leave to replead has already been granted. However, Commer has not filed his amended complaint. He is directed to do so within thirty (30) days of entry of this opinion.

**Reconsideration Of The December 7 Opinion Is Granted And Upon Reconsideration It Is Vacated**

Rule 60(b)(2) allows the district court to relieve a party from the operation of a final judgment "upon such terms as are just . . . for (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); see also United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). This rule provides "extraordinary judicial relief" and is granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994).

The party moving for relief under Rule 60(b)(2) must meet an "onerous standard." International Brotherhood of Teamsters, 247 F.3d at 392. Specifically, in these circumstances, the movant must demonstrate: (1) that the newly discovered evidence was of facts that existed at the time of the prior dispositive proceeding, (2) that the movant was justifiably ignorant of the facts despite due diligence, (3) that the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) that the evidence is not merely cumulative or impeaching. Id. (citation omitted).

Following entry of the December 7 Opinion, Commer submitted an affirmation that was signed by defendant Uma Kutwal on December 24, 2004. Kutwal is a Local 375 official who had previously filed charges against Commer. Kutwal's affirmation stated in pertinent part as follows:

> In retrospect, I now realize, based on my recollection of conversations with several individuals including AFSCME (Administratorship), DC37 and Local 375 leaders (1998-2001) that it was the leadership of DC 37 and AFSCME that wanted Roy Commer out of the union for his strong beliefs and his public exposure (newspapers, television) that the top leadership of the above listed entities were/are part of the ongoing corruption and needed to be replaced. He was the founding leader of the Committees for Real Change in Local 375 and later in DC37, as such he was a target of those engaged in corruption in NYC and their allies at all levels of the Unions. I can now state that I and others, were used as a vehicle to achieve Roy Commer's ouster from his positions in the union and ultimately his membership by DC37/AFSCME to aid in quashing exposure by Roy Commer of their/friends years of corrupt activities.
>
> Meetings, to arrange strategy, timing, means and methods of action/charges to ensure the elimination of Roy Commer as a Union officer and Member, between myself and other Local 375 leaders with individuals from the defeated President Louis Albano's team and DC37 leaders began at least in August 1998. In addition, other meetings to aid in accomplishing the same ends of Local 375 leaders, other than myself, with DC37 and AFSCME leaders began on or about October 1998 and such contact was continued by direct meetings, fax, telephone and other means through 2001/Roy Commer's expulsion from Membership.
>
> Meetings to discuss what to do with a $3,700 check to the Local from Roy Commer, a check which the Local Treasurer later wrote had never been received by the Local (the current leadership of the Local and AFSCME had previously admitted in the internal Union judicial process documents that the check was received by the Local) were also held. A memo from a Local 375 employee to the former President Albano was circulated detailing their leadership/employee meeting held between the November 1997 and March 1998 Local elections (both of which Roy Commer won) to discuss methods of overthrowing/controlling a new President by the remaining Albano loyalists in Local leadership positions.

(Affirmation of Uma Kutwal signed December 24, 2004, at 2.)

This evidence satisfies all of the <u>International Brotherhood of Teamsters</u> factors. Based on the date the affirmation was signed, the facts described could not have been presented by Commer in the

course of the underlying motion. Moreover, the affirmation appears to raise a factual issue as to the intent of the Defendants with respect to the ouster of Commer from the presidency of the union and the subsequent charges that Commer failed to make the restitution that was required by the Judicial Panels. No such evidence by a witness with knowledge was provided to the Judicial Panels. At the least, a factual issue has been created which requires that the summary judgment be vacated.

**The Discovery Period Is Reopened**

Commer's discovery request is deemed to be a request for an informal conference pursuant to Local Civil Rule 37.2. In view of the reconsideration and withdrawal of the summary judgment opinion, the period to complete discovery is extended ninety (90) days. An additional extension may be granted for good cause. No further discovery will be permitted unless noticed within twenty (20) days after the filing of any amended complaint unless this period is extended for good cause shown.

The pretrial order will be filed on September 2, 2005.

**Conclusion**

For the reasons set forth above, the December 7 Opinion is reconsidered and withdrawn. Commer is granted thirty (30) days to file any amended complaint and discovery will be reopened as set forth

further discovery will be permitted unless noticed within twenty (20) days after the filing of any amended complaint unless this period is extended for good cause shown.

The pretrial order will be filed on September 2, 2005.

## Conclusion

For the reasons set forth above, the December 7 Opinion is reconsidered and withdrawn. Commer is granted thirty (30) days to file any amended complaint and discovery will be reopened as set forth above.

It is so ordered.

**New York, NY**
**May**  , 2005

ROBERT W. SWEET
U.S.D.J.