UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

ROY COMMER,

                Plaintiff,          00 Civ. 7913 (RWS)

  -against-                        OPINION

GERALD MCENTEE, et al.,

                Defendants.

----------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       SCHWARTZ, LICHTEN & BRIGHT, P.C.
       113 University Place, 11th Floor
       New York, NY 10003
       By:  Arthur Z. Schwartz, Esq.

       Attorneys for Defendants

       RIVKIN RADLER LLP
       926 Reckson Place
       Uniondale, NY 11556
       By:  Barry I. Levy, Esq.
             Ruth Nazarian, Esq.



Sweet, D.J.

Plaintiff, Roy Commer ("Commer" or the "Plaintiff") has moved under Rule 54(d)(1) to challenge the costs awarded to the defendants Gerald McEntee ("McEntee") and the American Federation of State, County and Municipal Employees International (the "International") (collectively, the "Defendants") by the Clerk of the Court in the amount of $25,484.71. For the reasons set forth below, the motion is denied in part and granted in part.

## Prior Proceedings

The prior proceedings in this case are outlined in Commer v. McEntee, No. 00 Civ. 7913(RWS), 2006 WL 3262494, at *1-4 (S.D.N.Y. Nov. 7, 2006).

Trial before a jury was held from October 11, 2006, until October 19, 2006, when a verdict was returned in favor of the Defendants. On November 15, 2006, after notice and without opposition by Commer, the Clerk of the Court entered a bill of costs in the amount of $25,484.71.

After extensions and adjournments, the instant motion to vacate and/or modify the award of costs was fully submitted on March 14, 2007.

1

**Discussion**

**1.    The Applicable Standard**

Rule 54(d)(1) grants costs to a prevailing party as a matter of course in the absence of a countervailing statute or rule. See Fed. R. Civ. P. 54(d)(1); see also Cosgrove v. Sears, Roebuck & Co., 191 F.3d 98, 101 (2d Cir. 2001). Such an award is the norm, not an exception. Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001) (citing Mercy v. County of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984)). "For this reason, the losing party has the burden to show that costs should not be imposed." Id.

The term "costs" includes only the specific terms enumerated in 28 U.S.C. § 1920. Id. at 269 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987); United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Medirian Constr. Corp., 95 F.3d 153, 171 (2d Cir. 1996)). That statute states, in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

**2. Costs Are Appropriate**

 **a. The LMRDA Does Not Bar an Award of Costs**

Commer has urged that costs are not appropriate based upon language in section 101(a)(4) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(4). That statute states, in relevant part:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding . . . .

Id.

3

However, Rule 54(d)(1) states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

Fed. R. Civ. P. 54(d)(1).

The fact that an award of costs may be imposed upon a non-prevailing litigant under Rule 54(d)(1) does not limit the right of a member to sue its union. Rather, it simply holds that union member financially accountable for the allowable costs, pursuant to statute, that are incurred by a union in the successful defense of claims brought in federal court. See 28 U.S.C. §§ 1821 and 1920 (pertaining to subsistence per diem and mileage generally and taxation of costs); Fed. R. Civ. P. 54(d)(1); see also McGovern v. Local 456, Int'l Bhd. of Teamsters, Chauffeurs & Warehousemen & Helpers of Am., AFL-CIO, 107 F. Supp. 2d 311, 321-22 (S.D.N.Y. 2000) (finding alteration of bargaining unit did not violate § 101(a)(4) where excluded employees were not prevented from commencing litigation).

The purpose of the LMRDA is to prevent unions from enacting rules or exerting pressure outside of the actual litigation that would limit or impair a member's rights to seek a determination of their claim. See, e.g., Serv. Employees Int'l

4

Union, AFL-CIO, CLC v. Local 1199 N.E., SEIU, AFL-CIO, CLC, 70 F.3d 647, 653 (1st Cir. 1995) (vacating award of late fees and remanding for determination of whether enforcement of the fees was in retaliation for bringing suit against the union); Moore v. Local 569 of Int'l Bhd. of Elec. Workers, 53 F.3d 1054, 1056 (9th Cir. 1995) (finding fee-shifting provision of agreement in violation of the LMRDA); Haas v. Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local No. 287, 832 F. Supp. 283, 287 (N.D. Cal. 1993) (analyzing alleged LMRDA violation for discipline imposed on union members because they had filed suit against a union officer).

This case is not an instance where a rule has been adopted or pressure has been exerted by a union either in anticipation of or in response to a lawsuit filed by a union member. Defendants are not attempting to shift costs and attorneys fees to a union member in retaliation for bringing such litigation. Rather, the costs at issue here have resulted from the invocation of Rule 54(d)(1), Fed. R. Civ. P., and the corresponding statutes that impose obligations on non-prevailing litigants that are subject to enforcement by the judiciary. See Murray v. Consol. Edison Co. of N.Y., Inc., 734 F. Supp. 655, 656 (S.D.N.Y. 1990) (rejecting § 101(a)(4) challenge to pre-litigation threat of sanctions made by union's counsel to union member's counsel because the Rule 11 penalties could only be imposed by the court and not by the union).

5

Although Plaintiff has cited to several opinions, none support the contention that the recovery of litigation costs pursuant to Rule 54(d)(1) is a violation of the LMRDA. At least one decision that implicitly addresses this issue supports the awarding of costs to a prevailing labor union. See Local Union No. 575 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, 995 F. Supp. 1151, 1164 (D. Colo. 1998) (awarding international union the costs associated with defending LMRDA claims challenging the international union's decision to consolidate local unions).

Based on the foregoing analysis, the LMRDA does not bar an award of litigation costs to a prevailing labor union under Rule 54(d)(1), Fed. R. Civ. P.

    b.    **Good Faith Does Not Bar an Award of Costs**

Commer has requested that the Court take the "good-faith, colorable case plaintiff presented" into account. (Pl.'s Mem. in Supp. 2-3.) Whether an unsuccessful litigation was prosecuted in good faith is irrelevant, however, to whether costs should be awarded to a prevailing party. See Whitfield, 241 F.3d at 272-73 (citing AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997)); Perry v. Metro. Suburban Bus Auth., 236 F.R.D. 110, 113 (E.D.N.Y. 2006) (quoting DeJesus v. Starr Tech. Risks

6

Agency, Inc., No. 03 Civ. 1298(RJH), 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005)) ("Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith.").

### c. Plaintiff Has Not Proven Financial Hardship

As to Commer's ability to pay, a district court may consider whether the imposition of costs would impose a "financial hardship," but even indigency per se "does not preclude an award of costs against an unsuccessful litigation." See Whitfield, 241 F.3d at 272-73; see also DeJesus, 2005 WL 957389, at *2 (rejecting claim of indigency to avoid costs in the amount of $3,805.20 where Plaintiff had filed for bankruptcy but had an annual salary of $40,000); McGuigan v. CAE Link Corp., 155 F.R.D. 31, 33 (N.D.N.Y. 1994) (rejecting claim of financial hardship where plaintiff received $14,000 per year in pension benefits, owned a home value at approximately $130,000 and had a line of credit and various accounts with his bank). When an assertion of financial hardship is made, it is incumbent upon the non-prevailing party to offer proof in support of its argument. See, e.g., Nazaire v. Kingsbrook Jewish Med. Ctr., No. 04 CV 1415(JG), 2006 WL 2946331, at *2 (E.D.N.Y. Oct. 11, 2006) ("plaintiff has failed to offer any proof of financial hardship, much less indigency"); Vails v. Police Dep't of City of N.Y., No.

7

96 CIV. 5283(DC), 1999 WL 970490, at *2 (S.D.N.Y. Oct. 22, 1999) (rejecting claim of indigence to avoid award of costs).

In support of this motion, Plaintiff initially filed only his income tax returns for 2002 and 2003, (Certificate of Arthur Z. Schwartz, Dec. 21, 2006, Ex. C.), a time period more than three years prior to the motion. These records indicate that Commer: (1) earned more than $60,000 per year from his employment with the City of New York and had a combined household income of more than $130,000 per year; (2) was employed in a civil service position and is entitled to a vested pension benefit at the time of his retirement; (3) has a home in Staten Island which he owns; (4) made gifts of $3,796.00 in 2002; and (5) has a bank account and at least three separate brokerage accounts/mutual funds. (See id.)

In an untimely-filed reply, Commer filed a declaration to which he attached his 2005 income tax return and his 2006 W-2 Wage and Tax Statement. (Reply Decl. of Roy Commer, Mar. 7, 2007 ("Commer Decl."), Exs. D & E.) These records show that in both 2005 and 2006, Commer had over $60,000 in pre-tax income, and that he had a combined household adjusted gross income of over $125,000 in 2005. Commer has further asserted that in 2005, he paid $60,000 in taxes and mortgage interest and that he had $80,000 in credit card debt. (Commer Decl. ¶ 3.) He has also asserted that the only savings he and his wife have remaining is

approximately $5,000 of equities in an investment account. (<u>Id.</u> ¶ 5.)

Based on the foregoing information and analysis, Plaintiff has failed to make a sufficient showing of financial hardship for the Court to exercise its discretion and eliminate any award of costs.

**3.    Modification of the Bill of Costs**

The bill of costs will be modified as follows:

- The costs awarded for the trial transcripts will be charged at the week, rather than same-day, rate, with the exception of the transcript of the pretrial proceedings on October 11, 2006, during which evidentiary rulings were rendered by the Court. <u>See</u> Local Civ. R. 54.1(c)(1); <u>Gallela v. Onassis</u>, 487 F.2d 986, 999 (2d Cir. 1973).

- The costs for deposition transcripts (plus one copy) will be limited to any deposition, a portion of which was used or received into evidence at trial. <u>See</u> Local Civ. R. 54.1(c)(2). Costs for additional copies will be disallowed.

- Witnesses' travel and subsistence costs and expenses will be taxed at the statutory allowance pursuant to 28 U.S.C. §

9

1281(b)-(d). See <u>Andrews v. Suzuki Motor Co.</u>, 161 F.R.D. 383, 385 (S.D. Ind. 1995). Only the $338 per diem rate (Defs.' Mem. in Opp'n 15 n.15) will be recoverable pursuant to § 1281(d).

**Conclusion**

Based on the foregoing reasoning, the award of costs will be modified as indicated.

It is so ordered.

**New York, NY**
**August 9, 2007**

                                          **ROBERT W. SWEET**
                                               **U.S.D.J.**